UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON HENDRIX,<br>　　　　Plaintiff,<br>　　v.<br>BERKELEY FARMS INC., et al.,<br>　　　　Defendants. | Case No. 18-cv-00935-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS & FOR REASSIGNMENT**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On February 13, 2018, Plaintiff Clinton Hendrix filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating he is unable to pay the costs of this action, and it is evident from the Application that his assets and income are insufficient to enable him to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis.

However, as no party has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.　Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must

also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.      Allegations in the Complaint**

Plaintiff appears to allege he is suing on behalf of Teamsters 853. Compl. at 1 (naming only "Teamsters 853" as plaintiff); *id.* at 4 ("Both Berkeley Farms Management & Teamsters 853 will be served. Then, Teamsters will represent with Attorney. I must serve both parties."). He names as Defendants in the caption Berkeley Farms Inc. and Dean Foods. Compl. at 2. He alleges his case belongs in federal court because it involves the Labor Management Relations Act (LMRA). *Id.*

In his statement of facts, Plaintiff lists the following: "Breach of contract, intentional infliction of emotional distress, breach of covenant [of] good faith and fair dealing[], assault and battery, forklift accident, defective parts." *Id.* at 3-4. He alleges he has been on disability since 2011, and that his disability was caused by Berkeley Farms. *Id.* at 4. Under a claim entitled "wrongful termination," he alleges that Berkeley Farms unlawfully terminated him in November 2011 because of work-related injuries. *Id.* at 5. He also alleges "robbery 2nd degree, assault & battery" based on "events witness[ed by] safety manager & union." *Id.* He names as a defendant to the robbery, assault and battery claims Peter Chewing, who was Superintendent. Chewing used

2

excessive force and terrorized Hendrix in front of others on June 6, 2011; he also took Hendrix's personal property. *Id.* at 6. Plaintiff was scared for his life. *Id.* Plaintiff includes no further allegations to describe the factual basis for his claims.

C. **Analysis and Screening**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

1. <u>No Federal Claims Stated</u>

Plaintiff alleges he disputes several decisions made by his former employer, and that he experienced a threatening incident at the hands of his former superintendent, but he fails to allege facts sufficient to state a claim under the LMRA, 29 U.S.C. §§ 141-197; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; or any other federal law that the undersigned can discern might be involved on the basis of the allegations in the Complaint.

Plaintiff has not alleged any facts suggesting the existence of an LMRA claim. Though he purports to sue on behalf of Teamsters 853, he does not allege he is in fact a member of that union.

Plaintiff also does not allege his employer was subject to a collective bargaining agreement, or that his employer(s) violated any term(s) of a collective bargaining agreement. He does not allege a union took or failed to take any steps to represent him in connection with his termination or with the superintendent, and thus does not state a claim under Section 301 of the LMRA, 29 U.S.C. § 185. Furthermore, to pursue such a claim, Plaintiff must allege he exhausted his administrative remedies through the union's grievance procedure (*Ortiz v. Permanente Med. Grp., Inc.*, 2013 WL 1748049, at *3 (N.D. Cal. Apr. 23, 2013)); he has not done so. Plaintiff also does not allege how he has standing to bring this action on behalf of Teamsters Local 853, to the extent that is what Plaintiff is attempting to do. As a pro se party, he also cannot represent the Teamsters. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *Kendall v. United States*, 541 F. App'x 781 (9th Cir. 2013) ("[N]on-attorney pro se litigants have no authority to represent anyone other than themselves.").

Title I of the ADA prohibits private employers from discriminating against job applicants and employees based on disability. *See* 42 U.S.C. §§ 12101 *et seq*. Plaintiff alleges that he has been on disability since 2011, but does not allege he was otherwise qualified to perform his job when he was terminated, and he only conclusorily alleges that he was terminated in 2011 because of his disability or because of "work-related injuries." *See generally Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999).

Moreover, Plaintiff fails to allege he exhausted his administrative remedies with respect to any ADA claim. "The ADA requires individuals alleging employment discrimination to file a claim with the Equal Employment Opportunity Commission (EEOC) before filing a lawsuit. This requirement may be fulfilled by filing a claim with a state agency that has a worksharing agreement with the EEOC, which allows the state agency to be the agent of the EEOC for the purpose of receiving charges." *Johnson v. Cty. of Monterey*, 2011 WL 250429, at *3 (N.D. Cal. Jan. 26, 2011) (internal quotation marks and citations omitted). An ADA claim must be filed with the EEOC (or the worksharing state agency) within 180 days of the last act of alleged discrimination. *See Sheck v. Cal. Nurses Ass'n & Healthcare Empls. Union*, 2010 WL 3835728,

4

at *2 (N.D. Cal. Sept. 28, 2010). A Plaintiff may file an ADA lawsuit within 90 days of receiving a right-to-sue letter from the EEOC or a state agency that has a worksharing agreement with the EEOC. *See Johnson*, 2011 WL 250429, at *3.

### 2. No State Law Claims Stated

Each of Plaintiff's state-law claims is based on events occurring in 2011 and is time barred. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitation for actions for assault, battery, or personal injury), § 337 (four-year statute of limitation for actions upon written contract), § 339 (two-year statute of limitation for action based on oral contract), § 343 (where the Code does not specify a statute for a specific claim, four-year statute of limitation will apply).

### 3. No Claims Stated Against Dean Foods

Plaintiff does not allege any facts pertaining to Dean Foods, does not name Chewing as a defendant, does not identify Chewing's employer, and does not allege how either of the named Defendants is liable for Chewing's actions. Based on pleadings filed in other actions (*see infra*), it appears Plaintiff has named Dean Foods as a defendant because it is Berkeley Farms' parent company.

### 4. Res Judicata

Plaintiff previously sued Berkeley Farms and Dean Foods. *See Hendrix v. Berkeley Farms*, Case No. 14-cv-3659 VC (*Hendrix I*).[1] Plaintiff alleged that Dean Foods was Berkeley Farms' parent company and combined them as defendants. *Hendrix I* Compl. at 1, *Hendrix I* Dkt. No. 1; *see also* Disclosure Stmt., Dkt. No. 1-3 ("[D]efendant Berkeley Farms, LLC certifies that Dean Holding Company is the ultimate parent corporation of Berkeley Farms, LLC"). There is no indication Plaintiff served Dean Foods in that case. In *Hendrix I*, Plaintiff alleged he had filed grievances with the HR Manager at Berkeley Farms against his supervisor, Peter Cheung. *Hendrix I* Compl. One grievance was about an unsafe forklift, another was for being harassed by

---

[1] On July 17, 2015, Plaintiff also filed another case against Berkeley Farms: *Hendrix v. Berkeley Farms*, Case No. 15-cv-3329 KAW (*Hendrix II*). The Complaint in *Hendrix II* includes more detailed allegations regarding some of the same events that appear to be at issue in this action; it also attaches the Right to Sue Notice the EEOC sent Plaintiff on August 6, 2012. Plaintiff voluntarily dismissed that action. *See* Case No. 15-cv-3329, Dkt. No. 1 (Compl.); Dkt. No. 5 (Voluntary Dismissal).

5

1  Cheung to the point that Plaintiff was forced to resign under protest. Plaintiff alleged Cheung's harassment and threatening behavior caused Plaintiff emotion distress, which required him to seek medical help and take Family Medical Leave. Plaintiff alleged Berkeley Farms' subsequent termination of Plaintiff violated his employment contract. He asserted claims for breach of contract, intentional infliction of emotional distress, and breach of the covenant of good faith and fair dealing. Plaintiff received a right to sue letter from the California Department of Fair Employment and Housing on or about November 5, 2013. *Id.* at Ex. A.

Berkeley Farms LLC removed *Hendrix I* to this Court on August 13, 2014, on the ground that Section 301 of the LMRA preempted Plaintiff's state law claims. Not. of Removal, *Hendrix I* Dkt. No. 1. Berkeley Farms moved to dismiss Plaintiff's complaint in *Hendrix I* on numerous grounds. In relevant part, Defendant argued Plaintiff's intentional infliction of emotion distress and breach of the covenant of good faith and fair dealing claims were barred by the two-year statute of limitations applicable to personal injury claims; that his wrongful termination claims were preempted by Section 301 of the LMRA because deciding these claims would require the court to interpret the collective bargaining agreement in place; and that he had not alleged the union breached its duty of fair representation and any such claim was barred by the applicable 6 month statute of limitations. *See* Mot. to Dismiss, *Hendrix I* Dkt. No. 10-1.

When Plaintiff failed to respond to the motion to dismiss, failed to respond to an order to show cause, and failed to appear at the hearing on the motion to dismiss, the District Judge dismissed his case with prejudice. Order of Dismissal, *Hendrix I* Dkt. No. 15. Judge Chhabria subsequently denied Plaintiff's motion to remand (Dkt. Nos. 18-19), and his motion to reopen the case (Dkt. Nos. 20-21).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The claims Plaintiff asserted in *Hendrix I* are identical to the claims he asserts here: breach of contract and breach of the covenant of good faith and fair dealing based upon Plaintiff's

termination, and intentional infliction of emotional distress based on Chewing's assault and battery, the forklift accident, and defective forklift parts. Judge Chhabria's dismissal with prejudice for failure to prosecute is an adjudication upon the merits for the purposes of res judicata. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (dismissal with prejudice based upon failure to prosecute "[u]nless otherwise specified . . . 'operates as an adjudication upon the merits'" (quoting Fed. R. Civ. P. 41(b))). There is identity between the parties: Plaintiff and Berkeley Farms were parties in both actions. Accordingly, Plaintiff's claims against Berkeley Farms in this action are barred by res judicata because he either previously brought them or could have brought them in *Hendrix I*.

5. <u>Summary</u>

Based on the foregoing analysis, the undersigned RECOMMENDS dismissing the Complaint. The Ninth Circuit has adopted a liberal standard for granting pro se plaintiffs leave to amend; however, leave to amend need not be granted where it would constitute an exercise in futility. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks and citation omitted)). Because the state-law claims Plaintiff asserts in the Complaint are time-barred and because any claims against Berkeley Farms relating to the termination of his employment or the incident(s) with Chewing are barred by res judicata, the undersigned further recommends that the dismissal be without leave to amend.

**CONCLUSION**

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Dated: February 22, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge